IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>                                    Plaintiff,<br><br>       v.<br><br>PASKENTA BAND OF NOMLAKI INDIANS, A FEDERALLY RECOGNIZED INDIAN TRIBE,<br><br>                                    Defendant. | Case No. 2:14-cv-01449-KJM/CMK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Pending a hearing on plaintiff State of California's (State) motion for preliminary injunction, which the court sets for hearing on June 30, 2014 at 2 p.m., the court makes the following findings of fact and conclusions of law:

1. The State and Paskenta Band of Nomlaki Indians (Paskenta or Tribe) entered into a class III gaming compact (Compact) on September 10, 1999.

2. The Compact includes provisions to protect the public health and safety.  Under section 8.1.2 of the Compact, the Tribe agreed to ensure "the physical safety of Gaming Operation patrons and employees, and any other person while in the Gaming Facility."  Section 10.1 of the

Compact provides: "The Tribe will not conduct Class III gaming in a manner that endangers the public health, safety, or welfare . . . ."

3. An intra-tribal dispute now exists among Paskenta's members. As a result of this dispute, two factions claim tribal leadership rights and the right to possession and control of the Rolling Hills Casino located in Corning, California (Casino). The intra-tribal dispute involves armed factions and has taxed the resources of the Tehama County Sheriff's Office, and thus poses a threat to the public health, safety and welfare.

4. The court has jurisdiction over this case under section 1331 of title 28 of the United States Code because the State's claim arises under federal statutes and the federal common law. *See Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050 (9th Cir. 1997).

5. The State has made a strong showing that it is likely to prevail on the merits of its claim because the ongoing tribal standoff and the threat of continued activity by armed factions at and in the vicinity of the Casino breaches the Tribe's duties under the Compact.

6. The State has no plain, speedy or adequate remedy at law to redress the injuries it will suffer if the Tribe is not temporarily restrained and enjoined in the above described manner, including but not limited to the threat of physical violence against residents of California and members of the Tribe.

7. The equities clearly favor the State and its interests in protecting the public health, safety, and welfare.

8. Issuance of this temporary restraining order will serve the public interest by preserving the status quo, and avoiding injury to the people of the State, until the State's motion for preliminary injunction can be heard and determined in due course.

9. The State has acted timely in seeking a temporary restraining order to preserve the status quo until its motion for preliminary injunction can be heard and determined.

Based upon the forgoing findings of fact and conclusions of law, and good cause appearing, it is hereby ordered that the State's motion for a temporary restraining order is GRANTED without requiring the State to post security, and that the Tribe, and all of its officers, agents, servants, employees and attorneys and all persons acting under the Tribe's direction and control,

including both factions or groups currently claiming to constitute the tribal government, are hereby ENJOINED AND RESTRAINED from:

1. Attempting to disturb, modify or otherwise change the circumstances currently in effect with respect to operation of the Rolling Hills Casino in Corning, California.

2. Deploying any armed personnel of any nature within 100 yards from the Casino, the property on which the Casino is located, and tribal properties surrounding the Casino including the nearby hotels, gas station, and RV park (collectively, Tribal Properties).

3. Possessing, carrying, displaying, or otherwise having firearms on the Tribal Properties.

This order will remain in effect until 6 p.m. on July 2, 2014 unless modified by the court before then, or extended by the court to continue in effect thereafter.  FED. R. CIV. P. 65(b)(2).

At the preliminary injunction hearing on June 30, 2014, the court will entertain further argument regarding whether the court should enter a broader injunction preventing any class III gaming activity on Paskenta lands.  25 U.S.C. § 2710(d)(7)(A)(ii).  Any supplemental briefing advancing this position must be filed by June 23, and any opposition briefing by June 27; no brief shall exceed 20 pages.

The U.S. Marshal for the Eastern District of California is directed to effect prompt service of this order on the persons identified on the Amended Parties Service List filed by the State (ECF 17).

SO ORDERED.

Dated:  June 18, 2014.

_____
UNITED STATES DISTRICT JUDGE