IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. 2:14-cv-01449-KJM/CMK |
| Plaintiff, | **ORDER GRANTING** |
| v. | **PRELIMINARY INJUNCTION** |
| **PASKENTA BAND OF NOMLAKI INDIANS, A FEDERALLY RECOGNIZED INDIAN TRIBE,** | |
| Defendant. | |

On July 7, 2014, the court was prepared to hear arguments regarding the entry of a preliminary injunction and whether the court should enter a broader injunction than requested by plaintiff with respect to class III gaming activity on Indian lands of the Paskenta Band of Nomlaki Indians.  At the beginning of the hearing, the parties informed the court they had reached a stipulation to entry of a preliminary injunction in substantially the same form as the temporary restraining order entered in this action on June 18, 2014.  The parties also advised that upon entry of the preliminary injunction order, they agreed to a stay of all further litigation pending a status conference in October 2014.

The court approves the parties' stipulation, and makes the following findings of fact and conclusions of law:

1. The State of California (State) and Paskenta Band of Nomlaki Indians (Paskenta or Tribe) entered into a class III gaming compact (Compact) on September 10, 1999.

2. The Compact includes provisions to protect the public health and safety. Under section 8.1.2 of the Compact, the Tribe agreed to ensure "the physical safety of Gaming Operation patrons and employees, and any other person while in the Gaming Facility." Section 10.1 of the Compact provides: "The Tribe will not conduct Class III gaming in a manner that endangers the public health, safety, or welfare . . . ."

3. An intra-tribal dispute now exists among Paskenta's members. As a result of this dispute, two groups claim tribal leadership rights and the right to possession and control of the Rolling Hills Casino located in Corning, California (Casino). The intra-tribal dispute has involved armed factions and has taxed the resources of the Tehama County Sheriff's Office; threats made in the past by representatives of each group have not been withdrawn. These circumstances thus pose an ongoing threat to the public health, safety and welfare.

4. The court has jurisdiction over this case under section 28 U.S.C. § 1331 because the State's claim arises under federal statutes and the federal common law. *See Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050 (9th Cir. 1997).

5. The State has made a clear showing that it is likely to prevail on the merits of its claim because the ongoing tribal standoff and the threat of continued activity by armed groups at and in the vicinity of the Casino breaches the Tribe's duties under the Compact.

6. The State has no plain, speedy or adequate remedy at law to redress the injuries it will suffer if the Tribe is not enjoined. Those injuries include, without limitation, the threat of physical violence against residents of California and members of the Tribe.

7. The equities clearly favor the State and its interests in protecting the public health, safety, and welfare.

8. Issuance of this preliminary injunction will serve the public interest by preserving the status quo at the time of the State's filing of this case,[1] and avoiding injury to the people of the State, until the final resolution of this case.

9. No bond is necessary for the court to grant this preliminary injunction.

Based upon the foregoing findings of fact and conclusions of law, and for good cause appearing, the court grants the parties' stipulated request for this preliminary injunction.

The court orders that the Tribe, and all of its officers, agents, servants, employees and attorneys and all persons acting under the Tribe's direction and control, including both groups currently claiming to constitute the tribal government, are hereby ENJOINED AND RESTRAINED from:

1. Attempting to disturb, modify or otherwise change the circumstances currently in effect with respect to operation of the Rolling Hills Casino in Corning, California.

2. Deploying any armed personnel of any nature within 100 yards from the Casino, the property on which the Casino is located, and tribal properties surrounding the Casino including the nearby hotels, gas station, and RV park (collectively, Tribal Properties).

3. Possessing, carrying, displaying, or otherwise having firearms on the Tribal Properties.

This preliminary injunction will remain in effect until resolution of the case by settlement or judgment or the court's further order.

The court directs the parties to appear at a status conference on October 2, 2014 at 2:30 p.m.

SO ORDERED.

Dated:  July 7, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1]  In making this finding regarding preservation of the status quo, the court relies on the parties' stipulation and is not making a final determination that the status quo thus preserved is necessarily "the last uncontested status which preceded the pending controversy . . . ."  See, e.g., Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir.1963).